UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HUTCH & ASSOCIATES, INC. d/b/a
HUTCH'S or HUTCH'S RESTAURANT,

               Plaintiff,

vs.                                        Civil Case No.:  _____

HUTCH'S ON THE LAKE,
HUTCH ENTERPRISES, INC.,
THE WOODS AT BEAR CREEK, LLC,
and JOHN HUTCHINS,

               Defendants.

_____

## COMPLAINT

      Hutch & Associates, Inc. d/b/a Hutch's or Hutch's Restaurant ("Hutch's" or

"Plaintiff"), through its attorneys, Hodgson Russ LLP, alleges as follows:

### Nature of Action

      1.     Hutch's seeks injunctive relief for acts of trademark infringement, false

designation of origin, dilution, unfair competition, and unfair and deceptive trade practices

engaged in by Defendants Hutch's on the Lake, Hutch Enterprises, Inc., The Woods at Bear

Creek, LLC, and John Hutchins (collectively, "The Lake" or "Defendants").

### The Parties

      2.     Hutch & Associates, Inc. d/b/a Hutch's or Hutch's Restaurant is a New

York Corporation formed in November 1994, with a principle place of business located at 1375

Delaware Avenue, Buffalo, New York.

3.      Hutch's or Hutch's Restaurant is a locally owned and well-known restaurant in Buffalo, New York that opened in January 1995, and is located at 1375 Delaware Avenue, Buffalo, New York, 14209.

4.      Defendant Hutch's on the Lake is a restaurant located at 3510 Bear Creek Road, Franklinville, New York, 14737.

5.      Defendant Hutch Enterprises, Inc. is a New York Corporation with a principle place of business located at 7510 Porter Road, Niagara Falls, New York, 14304.

6.      Defendant The Woods at Bear Creek, LLC is a New York Limited Liability Company with a principle place of business located at 7510 Porter Road, Niagara Falls, New York, 14304.  Upon information and belief, Defendant Hutch's on the Lake operates its restaurant on property owned by Defendant The Woods at Bear Creek, LLC.

7.      Upon information and belief, Defendant John Hutchins is the owner and operator of Hutch's on the Lake.

## Jurisdiction and Venue

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b), and 1367.

9.      Plaintiff's claims are predicated upon the Trademark Act of 1946, as amended and known as the Lanham Act, 15 U.S.C. § 1051 et seq., and substantial and related claims under New York statutory and common law.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b)-(c) because Defendants are subject to personal jurisdiction within this judicial district and a substantial part of the events giving rise to this claim occurred within this judicial district.

## Background

11.     Mark Hutchinson ("Hutch") is a well-known local restaurateur, who is the President of Hutch & Associates, Inc., d/b/a Hutch's or Hutch's Restaurant.

12.     Hutch's Restaurant ("Hutch's") opened in January 1995.  Hutch's was Mr. Hutchinson's flagship restaurant and quickly became one of his most successful endeavors.

13.     Hutch's has been well-known throughout Western New York for nearly twenty years.  Hutch's is the first of three successful restaurants owned and operated by Mark Hutchinson.

14.     The second successful restaurant owned and operated by Hutch in Western New York is Tempo, also located on Delaware Avenue in Buffalo.

15.     Hutch's third and most recent successful expansion is located in North Tonawanda and is called Remington Tavern, or Remington Tavern Seafood Exchange.

16.     Mr. Hutchinson's reputation and goodwill developed through his consistency in the quality of food and service provided at all three of his restaurant locations in Western New York.

**The HUTCH'S Mark**

17.     Over the last twenty years, Hutch developed enormous goodwill in his name and reputation by using his nickname "Hutch" in conjunction with his flagship restaurant, Hutch's.

18.     Since the restaurant opened in January 1995, Hutch's has been advertised and promoted using its service mark and trade name HUTCH'S[1] in advertising, magazines, and newspapers throughout Western New York.

19.     A service mark is a word or symbol used to identify the services provided by one person or entity, to distinguish them from those provided by another, and to indicate the source of those services.

20.     A trade name is a name used to identify a business, as distinguished from the services provided by the business.

21.     The statutory and common law protections afforded to trademarks are equally applied to protect service marks and trade names.

22.     Plaintiff is the exclusive owner of the HUTCH'S Mark, and has not licensed the Mark for any other use.

23.     Hutch's Restaurant has a prominent sign outside of its restaurant on Delaware Avenue in Buffalo, which has been in place since it opened in January 1995. *See* Exhibit A.

---

[1]     Hereinafter, any reference to the HUTCH'S Mark or Mark, refers to Plaintiff's rights in both the service mark and trade name owned exclusively by Plaintiff.

- 4 -

24.     Hutch's Restaurant has earned several awards, accolades, and recognition throughout the region, including in Urban Spoon, Business First, Janice Okun Buffalo News, New York Times, and ArtVoice.

25.     Hutch has similarly received awards, accolades and recognition for his restaurant success in Western New York.

26.     HUTCH'S has become such a familiar name in the Western New York community that it has acquired a secondary meaning and is distinctive.

27.     The extensive publicity, awards, and recognition that Hutch has received for his successful restaurants, including Hutch's—promoted by and under the HUTCH'S Mark— caused this Mark to achieve dynamic regional fame, which continues today.  Hutch's Restaurant is currently featured on the following television and radio stations: WKBW (Channel 7); WGRZ (Channel 2); Time Warner Cable Network WBBZ (Channel 5); WEDG (FM 103.3); and WBEN (AM 930).

28.     As a result of over twenty years of continuous use of the trade name and service mark "HUTCH'S," as it is associated exclusively with Hutch's Restaurant and the prominent restaurateur, Mark Hutchinson, Plaintiff developed enormous goodwill in his brand and Mark "HUTCH'S."  Hutch similarly developed goodwill and a strong reputation for any restaurants associated with him personally.

29.     Hutch's Restaurant continues to aggressively advertise through radio, television, newspaper and magazine promotions that reach an audience well outside of Buffalo.

- 5 -

30.     Because of the quality and reliability of his restaurants, Hutch and the Mark "HUTCH'S" enjoy tremendous goodwill and reputation among customers.

**<u>Defendants' Intentional Infringement of the HUTCH'S Mark<br>and Deceptive Business Practices</u>**

31.     Upon information and belief, Defendants opened a restaurant in July 2014 in Western New York and named the restaurant "Hutch's on the Lake."

32.     Without authorization from the owner of the HUTCH'S Mark, Defendants have been using the Mark to advertise and lure business for their own restaurant, *Hutch's on the Lake*. *See* Exhibit B (video clip from WGRZ, publicized by Defendants on Facebook while promoting their new Glamping site, Woods at Bear Creek, which highlights the fine dining available at "Hutch's on the Lake," a noted feature in the video. The URL for this video clip is http://s3.amazonaws.com/TVEyesMediaCenter/UserContent/131470/3781811.2276/WGRZ_07-21-2014_06.47.39.mp4.)[2]

33.     Upon information and belief, Defendants have actual knowledge of the HUTCH'S Mark, as native Western New Yorkers who likely frequented Hutch's Restaurant and other restaurants owned by Mr. Hutchinson.

34.     Defendants deceivingly advertise their restaurant on the world wide web using the HUTCH'S Mark without permission or license. *See* Exhibit C.

---

[2]     A hard copy of this video clip will be provided to the Court, with permission, on a removable storage device.

35.     Defendants are usurping and trading on Plaintiff's and Mark Hutchinson's goodwill by wrongfully promoting their restaurant and offering goods and food services under the same Mark—HUTCH'S.

36.     Defendants' intentional acts also include trading on the origin and services identified with the HUTCH'S Mark.

37.     Defendants' unlawful acts are likely to confuse consumers—and have caused actual confusion—as to the relationship of Defendants to Hutch, Hutch's Restaurant, and Plaintiff's Mark, products, and services.

38.     Defendants' intentional acts are meant to harm and diminish the value of the HUTCH'S Mark.

## FIRST CAUSE OF ACTION
**(False Designation of Origin, Trademark Infringement, and Unfair Competition under the Lanham Act, 15 U.S.C. Section 1125(a))**

39.     Plaintiff repeats paragraphs 1-38 as if fully set forth herein.

40.     Plaintiff is the owner of the HUTCH'S Mark, which is valid and protectable under common law.

41.     The HUTCH'S Mark has been used continuously in commerce since November 1994 in connection with the well-known restaurant, Hutch's Restaurant.

42.     Defendants' acts constitute the use of a false designation of origin, trademark infringement, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

- 7 -

43.     Defendants have infringed, and continue to infringe, the HUTCH'S Mark, in violation of 15 U.S.C. § 1125(a).

44.     Defendants' unauthorized use of the HUTCH'S Mark in connection with a competitor restaurant, within the same geographic territory, has caused and is likely to continue to cause confusion, mistake, and deception among the general consuming public and trade as to whether Defendant "Hutch's on the Lake" is affiliated with, sponsored by, or endorsed by Plaintiff.

45.     Defendants have been using and continue to use the HUTCH'S Mark with full knowledge of, and with willful disregard of, Plaintiff's rights.

46.     Defendants' conduct is willful, wanton, fraudulent, and malicious and is undertaken with an intent to reap the benefit of the goodwill signified by the HUTCH'S Mark.

47.     Defendants' acts have damaged and will continue to damage Plaintiff because, among other things, Defendants' acts are undermining the reputation and goodwill enjoyed by the HUTCH'S Mark, and are depriving Plaintiff of their exclusive right to their intellectual property.

48.     Plaintiff has no adequate remedy at law that will compensate them for the continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

## SECOND CAUSE OF ACTION
**(Dilution Under Section 43 (c) of the Lanham Act, 15 U.S.C. Section 1125(c))**

49.     Plaintiff repeats paragraphs 1-48 as if fully set forth herein.

- 8 -

50.     The HUTCH'S Mark is a famous mark that has an inherently distinctive character and has further acquired a strong recognition in the Western New York marketplace, specifically in the restaurant business, as a result of Plaintiff's extensive use, advertising, and publicity.

51.     Defendants' unauthorized commercial use of the HUTCH'S Mark after the Mark acquired regional fame tends to—and does—dilute, tarnish, and blur the distinctive quality of the HUTCH'S Mark, and is diminishing the capacity of the Mark to identify and distinguish Hutch's restaurant service, in violation of 15 U.S.C. § 1125(c).

52.     Defendants' acts have caused Plaintiff to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the damage to Plaintiff will continue.

53.     Defendants have willfully traded on the reputation of Hutch's Restaurant and/or caused dilution of the famous HUTCH'S Mark.

54.     Because of the continuing nature of Defendants' harmful activities, an injunction is an appropriate and necessary remedy.

## THIRD CAUSE OF ACTION
**(Trademark Dilution under New York General Business Law § 360-1)**

55.     Plaintiff repeats paragraphs 1-54 as if fully set forth herein.

56.     The HUTCH'S Mark is distinctive within the meaning of New York General Business Law § 360-1.

57.     Defendants' unauthorized commercial use of the HUTCH'S Mark after the Mark acquired regional fame tends to—and does—dilute, tarnish, and blur the distinctive quality of the HUTCH'S Mark, and is diminishing the capacity of the Mark to identify and distinguish Hutch's restaurant service, in violation of New York General Business Law § 360-1.

58.     Defendants knew or should have known that its conduct would dilute, tarnish, and blur the quality of the HUTCH'S Mark.

59.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm to the valuable HUTCH'S Mark and its reputation.  Unless Defendants' conduct is restrained, Plaintiff will continue to be irreparably harmed.

60.     Plaintiff is likely to succeed on the merits of this case.

61.     Plaintiff has no adequate remedy at law that will compensate it for the continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

## FOURTH CAUSE OF ACTION
### (Common Law Trademark Infringement)

62.     Plaintiff repeats paragraphs 1-61 as if fully set forth herein.

63.     Defendants' acts constitute common law trademark infringement under the law of the State of New York.

64.     Upon information and belief, Defendants have acted willfully and with the intention—and actual result—of confusing, misleading, and deceiving consumers.

65.     By reason of Defendants' conduct, Plaintiff is suffering and will continue to suffer irreparable harm.  Unless Defendants are enjoined from continuing these wrongful acts, the harm to Plaintiff will increase.

## FIFTH CAUSE OF ACTION
### (Common Law Unfair Competition)

66.     Plaintiff repeats paragraphs 1-65 as if fully set forth herein.

67.     Defendants' unauthorized use of the HUTCH'S Mark in connection with its restaurant and the goods and services provided therein constitutes common law unfair competition.

68.     As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered irreparable harm to its valuable Mark and reputation.  Unless Defendants' conduct is restrained, Plaintiff will continue to be irreparably harmed.

69.     Plaintiff has no adequate remedy at law that will compensate it for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

## SIXTH CAUSE OF ACTION
### (Preliminary and Permanent Injunction)

70.     Plaintiff repeats paragraphs 1-69 as if fully set forth herein.

71.     Defendants' unlawful use of Plaintiff's intellectual property rights in the trade name and service mark "HUTCH'S" has caused and continues to cause confusion among consumers.

72.     Defendants' acts have caused Plaintiff to suffer and continue to suffer irreparable harm to its valuable Mark and reputation.  Unless Defendants' conduct is restrained, Plaintiff will continue to be irreparably harmed.

73.     Plaintiff has no adequate remedy at law that will compensate them for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

74.     Plaintiff is likely to succeed on the merits of their case.

75.     Plaintiff is entitled to an injunction enjoining Defendants from using the HUTCH'S Mark, or any mark similar thereto.

### JURY DEMAND

76.     Plaintiff hereby demands a trial by jury on all matters triable by a jury.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A.      That Defendants, their agents, servants, employees, licensees, attorneys, subsidiaries, related companies, and all persons acting for, with, by, through or under them, and each of them, in order to prevent the violation of Plaintiff's rights in their trademark, service mark, and trade name, and because immediate and irreparable injury, loss, or damage will result, be preliminarily and permanently enjoined from:

1.      Using as a service mark, trademark, domain name, trade name, or trade dress, or as part of any service mark, trademark, domain name, trade name, or trade dress, the term HUTCH, or HUTCH'S, or any other designation confusingly similar to Plaintiff's Mark set forth in this

- 12 -

Complaint, including any domain name or trade name containing the word
or characters HUTCH in any way;

2.      Representing directly or indirectly, in any form or manner
whatsoever, that any products or services offered for distribution or sale
by Defendants are related to, affiliated with, approved by, or sponsored by
Plaintiff;

3.      Passing off, inducing, or enabling others to offer or pass off any
products or services not offered or rendered by Plaintiff as being
Plaintiff's products or services, or as being products or services sponsored
by, approved by, or somehow affiliated with Plaintiff;

4.      Committing any other acts calculated to cause consumers to
believe that Defendants' restaurant/business, products, and services are
that of Plaintiff or somehow related to Plaintiff, and from otherwise
competing unfairly with Plaintiff in any manner; and

5.      Committing any other acts which will tarnish, blur, or dilute, or
have the tendency to tarnish, blur, or dilute the distinctive quality of the
famous HUTCH'S Mark.

B.      Defendants be required to deliver up for destruction any and all literature,
products, forms, promotional materials, prints, advertising matter, circulars, stationery,
labels, tags, wrappers, packaging, plates, stencils, and other materials bearing any
designation consisting of, or including, the term HUTCH or HUTCH'S.

- 13 -

C.      Defendants be required to pay attorneys' fees and costs for this action.

D.      Defendants be directed to file with this Court within thirty (30) days after entry of final judgment in this case, a written statement under oath setting forth in detail the manner in which Defendants have complied with said judgment.

E.      The Court grant Plaintiff such other and further relief as the interests of justice may require.

Dated:  November 4, 2014

HODGSON RUSS LLP
*Attorneys for Plaintiff*

By: _ s/ Jessica L. Copeland _
        Daniel C. Oliverio
        Jessica L. Copeland
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone:  (716) 856-4000
Email:  doliver@hodgsonruss.com
        jcopelan@hodgsonruss.com

- 14 -